IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| NICHOLAS VASILIADES | : | No. 96-217-01 |

**MEMORANDUM**

PRATTER, J.                                                                                  AUGUST 23rd, 2022

Nicholas Vasiliades seeks early termination of supervised release, citing his exemplary behavior after this Court granted his motion for compassionate release in August 2020. The Government responds that his motion does not set forth an adequate basis to warrant a further alteration of the sentence imposed by the Court. The Court agrees that Mr. Vasiliades has not met his burden to show that early termination of supervised release is warranted here and thus denies his motion.

### BACKGROUND

**I. The Conviction and Motion for Compassionate Release**

On November 12, 1997, Mr. Vasiliades pled guilty to conspiracy to manufacture and distribute methamphetamine, 12 counts of possession with intent to distribute methamphetamine, four counts of use of a communication facility for drug trafficking, one count of possession of P2P with intent to manufacture methamphetamine, one count of possession of a firearm by a convicted felon, and nine counts of money laundering. Because of Mr. Vasiliades's prior convictions and the large quantity of methamphetamine manufactured and distributed, the Court imposed the mandatory life sentence in December 1998, prior to the changes to mandatory minimum penalties made under the First Step Act of 2018. 21 U.S.C. § 841(b)(1)(A).

On July 24, 2020, Mr. Vasiliades filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a motion which the Government joined. This Court, finding that "extraordinary and compelling reasons" warranted Mr. Vasiliades's early release, granted his motion, but imposed a five-year term of supervised release to replace a portion of his remaining term of imprisonment. He was released from prison on September 9, 2020, to begin his supervised release. Mr. Vasiliades still has over three years remaining to serve on supervised release.

## II. The Request for Early Termination of Supervised Release

On October 15, 2021, having served slightly over one year of his supervised release, Mr. Vasiliades filed a *pro se* motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Mr. Vasiliades, now aged 68 and residing with his brother, argues that he has shown exemplary conduct since his release: "[h]e has fully complied with the court's express terms of supervision including abstaining from drug use (as evidenced by his continued 'clean' drug monitoring), fully obeying the law, . . . diligently complying with the requirements of the Probation department," and "liv[ing] a productive lifestyle by holding steady employment while supporting himself and family." Mot. for Early Termination of Supervised Release, Doc. No. 724, at 2. He has also submitted 11 letters from family members, friends, coworkers, and a behavioral health consultant, which aver, *inter alia*, that Mr. Vasiliades has taken steps to improve his health, has contributed daily to his workplace and other small businesses, and has maintained his family residence in good condition.

## LEGAL STANDARDS

This Court has authority to grant early termination of supervised release pursuant to 18 U.S.C. § 3583(e), which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term

2

of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). A court deciding a motion for early termination must therefore take into account the following factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D) & (a)(4)–(7)).

The Third Circuit Court of Appeals has stated that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). District courts in the Third Circuit need not "make specific findings of fact" as to each of the § 3553(a) factors enumerated in § 3583(e). *Id.* at 52–53.

A defendant seeking to reduce his or her sentence bears the burden of persuasion. *See United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) ("[T]he ultimate burden of persuasion should rest upon the party attempting to adjust the sentence.").

## DISCUSSION

This Court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release." 18 U.S.C.

§ 3583(e)(1). Mr. Vasiliades has served almost two years of supervised release, so the Court may now consider the required factors under § 3553(a), whether Mr. Vasiliades's conduct warrants early termination, and whether such early termination would be in the interest of justice.

## I. Section 3553(a) Factors

Pursuant to § 3553(a)(1), a district court must consider the nature and circumstances of the offense and the defendant's history and characteristics. In November 1997, Mr. Vasiliades pled guilty to 28 counts related to the manufacture and distribution of large amounts of methamphetamine. Because Mr. Vasiliades had a significant criminal history, the Court imposed a then-mandatory sentence of life imprisonment. In 2020, upon consideration of the risks posed to his health by the COVID-19 pandemic and the length of his incarceration among other pertinent factors, this Court granted Mr. Vasiliades early release from prison but agreed with the Government's request that a period of supervised release should follow his incarceration. He has over three years remaining in his term of supervised release.

Under § 3553(a)(2), this Court also examines the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with necessary training, medical care, or other correctional treatment. Mr. Vasiliades is now 68 years old, and it appears that he has not been arrested or otherwise violated probation in the past two years. His employer (his nephew) and several co-workers aver that Mr. Vasiliades works daily at a law office, where he is a valuable part of the workforce.

Still, Mr. Vasiliades' crime was serious, and the Court is mindful of the general deterrence required for drug-trafficking offenses involving methamphetamine, particularly in large quantities.

The Court also considers the factors set out under §§ 3553(a)(4) and 3353(a)(6) (*i.e.*, the kinds of sentence and sentencing range established for the defendant's crimes and the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct). At the time of his guilty plea, Mr. Vasiliades was sentenced to a mandatory minimum of life imprisonment. Under current law, however, the Government estimates that his guideline range would be 360 months to life. Government's Mot. for Compassionate Release, Doc. No. 722, at ECF 9. Had the Court initially imposed a 30-year sentence, Mr. Vasiliades would still have approximately five years left to serve in prison had he not already been released. Adding to the special treatment Mr. Vasiliades now seeks by letting him out of the obligations of supervision would further increase the disparities under the Guidelines between Mr. Vasiliades and defendants with similar records found guilty of similar conduct.

The other customary factors are not applicable to Mr. Vasiliades.

Having considered the relevant § 3553(a) sentencing factors, this Court finds that the weight of the pertinent factors counsel against early termination of supervised release, given in particular that Mr. Vasiliades has not suggested any compelling reason that supervision works any kind of hardship on him at this time.

## II. Mr. Vasiliades's Conduct Does Not Warrant Early Termination

Although it is not necessary for a court to find that changed or extraordinary circumstances exist before granting a motion under 18 U.S.C. § 3583(e)(1), "'[g]*enerally,* early termination of supervised release under 18 U.S.C. § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89). Of course, "the mere absence of such a change or extraordinary circumstances is not a basis for denying it." *United States v. Mabry*, 528 F. Supp. 3d 349, 359 (E.D. Pa. 2021). But mere compliance with the conditions of supervised release is generally insufficient to support early termination. *United States v. Damiano*, No. 07-cr-153, 2020 WL

5

7263183, at *2 (E.D. Pa. Dec. 10, 2020); *see also United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998) ("While the [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

The Government does not question Mr. Vasiliades's compliance with the terms of his supervised release. The Court commends the steps Mr. Vasiliades has taken to reintegrate into and add value to his community, including by focusing on his physical health, assisting family members, and engaging in regular work at his nephew's law firm. Still, these steps show Mr. Vasiliades's compliance with the conditions of supervised release, as set forth in the Court's August 25, 2020 Order, which is what is expected of every defendant who is released on supervision. *Damiano*, at *2. Mr. Vasiliades has not met his burden to show that this, in and of itself, warrants the termination of his supervised release.

### III. Early Termination of Supervised Release Is Not in the Interest of Justice

Finally, the Court must consider whether early release is "in the interest of justice." 18 U.S.C. § 3583(e)(1). "[T]he 'interests of justice' standard contemplates a peculiarly context-specific inquiry" and is not easily, or helpfully, reduced to "a general definition." *Martel v. Clair*, 565 U.S. 648, 663 (2012). The Third Circuit Court of Appeals has stated that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities rather than to inflict punishment." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

Mr. Vasiliades files his motion after having committed drug offenses that, in conjunction with his considerable criminal history, required the imposition of a sentence of life imprisonment. This Court reduced that sentence upon Mr. Vasiliades's motion for compassionate release in 2020 upon consideration of the risks posed to his health by the COVID-19 pandemic and changes in law

as to mandatory minimum sentencing. The Court imposed a term of five years of supervised release at the time it granted Mr. Vasiliades's motion for compassionate release to assure Mr. Vasiliades's rehabilitation and continued compliance with the law.

Mr. Vasiliades does not assert or imply that the conditions of his supervision are so burdensome as to amount to punishment or otherwise impede the apparent success he is experiencing while under supervision. Indeed, he does not imply that his supervised release is even minimally burdensome. Therefore, Mr. Vasiliades has not met his burden of persuading this Court that the five-year term of supervised release is greater than necessary to achieve the § 3553(a) sentencing goals or otherwise goes against the interests of justice.

## Conclusion

For these reasons, the Court denies Mr. Vasiliades's motion for early termination of supervised release. An appropriate order follows.

BY THE COURT:

s/ Gene E.K. Pratter
**GENE E.K. PRATTER**
UNITED STATES DISTRICT JUDGE